STATE OF LOUISIANA
v.
CYNTHIA HOLDEN
No. 2008 KA 2191.
Court of Appeals of Louisiana, First Circuit.
June 23, 2009.
Not Designated for Publication
DOUGLAS P. MOREAU, District Attorney, ALLISON MILLER RUTZEN, Assistant District Attorney, Counsel for Appellee, State of Louisiana.
RANDY TRELLES, Counsel for Defendant/Appellant, Cynthia Holden.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
HUGHES, J.
The defendant, Cynthia Holden, was charged by bill of information with theft (at a value of $500.00 or more), a violation of LSA-R.S. 14:67(B)(1). The defendant entered a plea of not guilty. The defendant later withdrew her former plea and allegedly entered a plea of guilty as charged. The trial court subsequently denied the defendant's motion to withdraw guilty plea. The defendant was adjudicated a third felony habitual offender and sentenced to ten years imprisonment at hard labor. The defendant now appeals, challenging the validity of her guilty plea, the trial court's denial of her motion to withdraw guilty plea, and her habitual offender adjudication. For the following reasons, we set aside the conviction, habitual offender adjudication, and sentence, and remand the case to the district court for further proceedings.

STATEMENT OF FACTS
The defendant allegedly entered a guilty plea in the instant case and the facts were, therefore, not fully developed. The following factual basis was presented by the State and accepted at the defendant's Boykin hearing.
Your Honor, on or about the date stated in the bill of information the defendant was observed in the Dillard's here in East Baton Rouge Parish. She was seen to select merchandise; conceal it on her person and then attempt to leave the store. She passed all points of purchase without attempting to purchase the merchandise. She was stopped outside of the store. She had the merchandise on her. She told the officer that, yes, she had stolen it. The value of that merchandise was in excess of five hundred dollars ($500.00).

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In the first assignment of error, the defendant argues that the trial court did not elicit a guilty plea from the defendant on the record. The defendant specifically argues that the trial court failed to adhere to LSA-C.Cr.P. art. 556.1(D), which requires a verbatim record wherein the defendant "enters a plea of guilty." The defendant contends that the error was not harmless and warrants the reversal of her conviction and sentence and remand to the trial court.
In the second assignment of error, as also raised in her motion to withdraw guilty plea, the defendant argues that her guilty plea was not voluntary. The defendant specifically contends that the voluntariness of her guilty plea was undercut by the State's "error of law that Ms. Holden is a fourth felony offender who is exposed to a potential life sentence." The defendant further contends that her counsel was incompetent for failing to evaluate her criminal history before agreeing that the defendant was a fourth felony offender and preventing her from intelligently weighing her options.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires the trial court to expressly enumerate three rights that must be waived by the accused prior to accepting a guilty plea. As spelled out by Boykin, these are the right to a jury trial, the right against self-incrimination, and the right to confront one's accusers. In State ex rel. Jackson v. Henderson, 260 La. 90, 103, 255 So.2d 85, 90 (1971) the Supreme Court, in expounding on Boykin, held that "in taking a plea of guilty, an express and knowing waiver of at least these three federal constitutional rights must be made, which waiver cannot be presumed.'" (Emphasis added)
Louisiana Code of Criminal Procedure Article 556.1(D) provides, in pertinent part: "In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere."[1] A valid guilty plea must be a free and voluntary choice by the defendant. An express and knowing waiver of rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed.
Neither defense counsel nor the judge can presume a waiver and enter a plea of guilty for the defendant, she must do it for herself, expressly. A tacit, "understood" plea of guilty is not valid. The trial court advised the defendant of her constitutional rights and elicited her agreement to a factual basis presented by the State, but the defendant did not expressly enter a guilty plea or waive her rights. While the trial court elicited from the defendant that she "understood" her Boykin rights, the defendant did not expressly waive her rights or actually plead guilty. Article 556.1(D) requires that a guilty plea be entered by the defendant.
A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v Thornton, 521 So.2d 598, 600 (La. App. 1 Cir.), writ denied, 530 So.2d 85 (La. 1988). Courts of review should not be put into the position of reading minds or between the lines. A defendant need only be asked, "How do you plead?" Further, the U.S. and Louisiana Supreme Courts require the waiver of rights in a guilty plea to be "express." Understanding and waiving are different things. The word "express" does not lend itself to a totality of circumstances analysis. Based on the record before us, we must reluctantly remand this matter.
The defendant appears to be raising an ineffective assistance of counsel claim in the second assignment of error in arguing that her counsel did not adequately investigate her criminal record in order to allow her to intelligently weigh her options and that her plea was not voluntary. A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La. App. 1 Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).
The defendant's rap sheet is included in the instant record. The defendant's rap sheet, in part, lists eight separate felony theft convictions and a conviction for possession of a Schedule II controlled dangerous substance. Before the guilty plea colloquy began, the defendant specifically stated, "I'm a fourth offender on my rap sheet; yes, sir." When the trial court further inquired as to the defendant's number of convictions, the trial counsel stated, "I believe it's a fourth or a fifth." The State added, "Her rap sheet is showing somewhere between five and eight." The State contended that it would allow the defendant to plead as a third felony offender so that she could be sentenced to ten years imprisonment. We find that the defendant has failed to show the parties were mistaken as to her habitual offender status or that her trial counsel was deficient in that regard. Thus, the second assignment of error is without merit. Nonetheless, based upon our finding of merit in the argument raised in the first assignment of error, we conclude that the instant conviction must be set aside.

ASSIGNMENT OF ERROR NUMBER THREE
Although we have set aside the conviction herein, we will address the argument raised by the defendant in the third assignment of error as the issue may be relevant in subsequent proceedings. In the third assignment of error, the defendant contends that the State's reliance upon a predicate felony offense guilty plea in support of the habitual offender adjudication was flawed. Specifically, the defendant argues that her March 13, 1995 guilty plea to theft was based on a plea agreement that included, as a term, an agreement by the District Attorney's Office not to charge the defendant as a habitual offender based upon that charge. The defendant argues that by using her guilty plea as a predicate offense on a bill of information charging her as a habitual offender, the State is now doing what it promised it would not. The defendant concludes that the State broke its promise and failed to prove her status as a third felony offender.
A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La. 1984).
The argument raised in this assignment of error was raised at the defendant's adjudication and sentencing hearing. The State noted that the sentence at the end of one of the defendant's March 13, 1995 predicate offenses reads, "As a term of the plea agreement previously entered into, the State agreed not to charge the accused by bill of information as a habitual offender based upon this charge." The State explained that such promises as the one in question were routinely made and that it applies to the guilty plea of the day of the promise. The State argued that such an agreement does not bar future use of the guilty plea as a predicate in a habitual offender proceeding. The trial court agreed with the State, specifically stating, "[t]hat applies to the plea deal that day and to that charge." At the time of the instant plea, it was clear that the defendant was aware of the fact that her habitual offender status would be established. The defendant did not express the concern raised in this assignment of error before entering the instant guilty plea. We agree with the State's and trial court's interpretation of the agreement made in conjunction with the predicate guilty plea. The defendant could not have justifiably believed, when she entered the predicate guilty plea, that the conviction could never be used as a predicate in a future adjudication. Considering the foregoing, we find no error in the trial court's consideration of the March 13, 1995 guilty plea as a predicate in adjudicating the defendant a third felony offender. Nonetheless, for reasons aforementioned, the instant conviction, habitual offender adjudication, and sentence must be set aside and the matter is remanded for further proceedings.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
McDONALD, J. DISSENTING:
I disagree with the majority and believe the record, when considered as a whole, indicates the defendant's guilty plea is valid.
Article 559A of the Louisiana Code of Criminal Procedure gives the trial court the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing. Under this article, a defendant has no absolute right to withdraw a previously entered plea of guilty. The court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Lewis, 633 So.2d 315, 317 (La. App. 1st Cir. 1993); State v. Carmouche, 589 So.2d 53, 55 (La. App. 1st Cir. 1991). Once a defendant has been sentenced, a guilty plea may not be withdrawn unless the plea is found to be constitutionally infirm. State v. Bell, XXXX-XXXX, p. 5 (La. App. 5th Cir. 2/28/01), 781 So.2d 843, 847, writ denied, XXXX-XXXX (La. 4/26/02), 813 So.2d 1098. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires the trial court to expressly enumerate three rights that must be waived by the accused prior to accepting a guilty plea. As spelled out by Boykin, these are the right to a jury trial, the right against self-incrimination, and the right to confront one's accusers. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La. App. 1st Cir.), writ denied, 530 So.2d 85 (La. 1988).
Herein, the defendant does not contest, and the record shows, that the trial court advised her of her constitutional rights as set forth in Boykin. Specifically, she was informed of her right against self-incrimination, and her rights to have a jury trial and to confront her accusers. The defendant stated that she understood those rights and wished to waive them. Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights. State v. Hardeman, XXXX-XXXX, p. 6 (La. App. 1st Cir. 2/18/05), 906 So.2d 616, 623.
Louisiana Code of Criminal Procedure article 556.id provides, in pertinent part: "In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere." The majority finds that the trial court advised the defendant of her constitutional rights and elicited her agreement to a factual basis presented by the State, but the defendant did not expressly waive her rights or actually plead guilty. There is no suggestion that the defendant did not understand these rights and the majority opinion finds that that she did understand them. However, the majority suggests that an "express" waiver of these rights is necessary as well as a statement that she is pleading guilty. Although the majority finds that the trial court failed to comply with Article 556.ID, my review of the record reveals otherwise. In open court, the trial court thoroughly advised the defendant of her constitutional rights and determined the defendant knowingly and voluntarily waived these rights. The defendant acknowledged that her counsel explained her rights to her prior to the proceeding. Throughout the plea colloquy, the defendant indicated her willingness to plead guilty. The defendant confirmed that she had not been threatened, coerced, or otherwise persuaded to plead guilty. The defendant was advised as to the nature and factual basis of the offense. In part, the following colloquy took place:
Q. You have a right to go to trial on the charge. You could have a trial by a jury. They would listen to the evidence and they would decide whether you're guilty or not guilty. At that trial the State would have to prove its case against you beyond a reasonable doubt. By pleading guilty you're giving up your right to go to trial. Do you understand that?
A. Yes, sir.
Q. When you give up your right to go to trial you also give up your right to question or cross examine the State's witnesses, your right to subpoena witnesses and your right to remain silent. Do you understand that?
A. Yes, sir.
* * *
Q. Do you understand what's happening here to you today?
A. Yes, sir.
After the State provided the factual basis for the plea, the trial court asked the defendant, "Is that what happened?" The defendant responded, "Yes, sir." The majority suggests that the failure of the court to ask specifically how the defendant pled and have a recitation stating "I plead guilty" makes the plea defective. In addition to the above, the following colloquy took place between the court and the defendant:
Q. Has he [attorney] explained to you the consequences of pleading guilty?
A. Yes, sir.
Q. Do you understand that your lawyer can give you advice and make a recommendation to you to plead guilty, but he can't plead guilty for you?
A. Yes, sir.
Q. The only person who can plead guilty is you. It has to be your free and voluntary decision. Do you understand that?
A. Yes, sir.
The totality of the circumstances indicates that the defendant clearly knew why she was there and that she was pleading guilty. The record reflects a knowing and voluntary waiver of her rights and compliance with the constitutional requirements for the taking of a voluntary guilty plea. Thus, I believe the trial court complied with La. Code Crim. P. art. 556.ID, the plea was valid, and should not be withdrawn.
For the foregoing reasons I respectfully dissent from the majority opinion.
NOTES
[1] See also LSA-C.Cr.P. art. 553 requiring the defendant in a felony case to plead in person.