WALTER J. ROTHSCHILD, Judge.
 

 |20n February 26, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Cindy Viek-nair, with possession of methadone in violation of LSA-R.S. 40:967(C), possession of morphine in violation of LSA-R.S. 40:967(C), and possession of clonazepam in violation of LSA-R.S. 40:969(C). She was arraigned and pled not guilty to these charges. On May 26, 2009, defendant executed a waiver of rights form, was advised of her Boykin
 
 [1]
 
 rights, withdrew her not guilty pleas, and pled guilty as charged to all three counts. The trial court deferred imposition of defendant’s sentences, pursuant to LSA-C.Cr.P. art. 893, and placed defendant on active probation for two years on each count, to run concurrently.
 

 FACTS
 

 Because this appeal arises from guilty pleas and defendant did not proceed to trial, there are few facts in the record before us. The bill of information and the [sfactual basis presented by the State during the guilty plea colloquy indicate that on January 2, 2009, defendant was in possession of methadone, morphine, and clo-nazepam in Jefferson Parish.
 

 LAW AND DISCUSSION
 

 On appeal, defendant argues that her guilty pleas are invalid because she did not personally articulate a waiver of rights or guilty plea. She contends her guilty pleas were proffered by counsel, who was appointed after her retained counsel failed to appear. She argues that she never expressly stated, “I plead guilty” or any words to that effect. Defendant contends that her guilty plea is invalid and must be set aside in light of the recent First Circuit case of
 
 State v. Holden.
 

 [2]
 

 She further asserts she did not understand the proceedings and the trial judge failed to explain that by pleading guilty she would instantaneously become a third felony offender.
 

 The State responds that defendant indicated her willingness to plead guilty throughout the plea colloquy and stated that she understood the rights she was waiving by pleading guilty. The State contends that there is nothing in the record to indicate that defendant did not understand the proceedings. The State further argues that reliance on the
 
 Holden
 
 case is misplaced, because it is distinguishable. The State explains that in
 
 Holden,
 
 the defendant was advised of the
 
 Boykin
 
 rights, but was not asked if the defendant
 
 *240
 
 waived those rights, whereas in the present case defendant was advised of her rights and expressly waived the rights, stating that she understood the waiver.
 

 A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the
 
 Boykin
 
 colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. |42/27/06), 924 So.2d 1120, 1124. Failure to make a formal motion to withdraw a guilty plea does not prohibit a reviewing court from setting aside a constitutionally infirm guilty plea.
 
 Id.
 

 LSA-C.Cr.P. art. 556.1 outlines the duty of the court when accepting a plea of guilty or nolo contendere:
 

 A.In a felony case, the court shall not accept a plea of guilty or nolo contende-re without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
 

 (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
 

 (2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
 

 (3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
 

 (4)That if he pleads guilty or nolo con-tendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
 

 B. In a felony case, the court shall not accept a plea of guilty or nolo contende-re without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
 

 C. The court shall also inquire as to whether the defendant’s willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
 

 |;;D. In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
 

 E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.
 

 Violations of LSA-C.Cr.P. art. 556.1 that do not rise to the level of
 
 Boy-kin
 
 violations are subject to harmless error analysis.
 
 State v. Guzman,
 
 99-1528, 99-1753, pp. 10-13 (La.5/16/00), 769 So.2d 1158, 1164-66;
 
 State v. Gilliam,
 
 01-748, 01-749, 01-750 pp. 5-6 (La.App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027,
 
 writ denied,
 
 02-0512 (La.11/1/02), 828 So.2d 562. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information
 
 *241
 
 would have likely affected his or her willingness to plead guilty.
 
 Id.
 

 In the present case, defendant pled guilty on May 26, 2009. On this date, defense counsel stated, “I placed a
 
 Boykin
 
 form and a probation form on your desk, Your Honor. And at this time, on behalf of Ms. Vicknair, we’d like to withdraw our original plea of not guilty and tender a plea of guilty as charged.” Thereafter, the trial court entered into a colloquy with defendant. The trial judge stated that she wanted defendant to convince her that she understood what she was doing that day by entering the guilty pleas. Defendant said she understood that she could stop the judge for additional instructions if she had questions or if she did not understand anything.
 

 During the colloquy, the judge then explained that defendant had a right to a trial by jury or by the court alone, had a right to confront her accusers, and a right against self-incrimination. The judge stated that by entering the guilty plea, she was waiving these rights. Defendant stated that she understood this. The judge then questioned defendant about her age and education. The judge listed the 16charges defendant was pleading guilty to and explained that the minimum sentence could be no jail time and the maximum sentence she faced was five years at hard labor on each count. Defendant indicated that she understood this. The judge told defendant that if she accepted her guilty plea, she would defer sentencing under LSA-C.Cr.P. art. 893 and place her on active probation for two years. The Court explained the conditions of probation that would be ordered. Defendant indicated she understood the nature of her sentence.
 

 The trial judge explained to defendant that the guilty plea was her decision and that no one could force her to plead guilty. Defendant denied that anyone used force, coercion, intimidation, promise, or reward to induce her to plead guilty. The judge then noted that pleading guilty could expose her to greater penalties as a habitual offender if she were to plead guilty or be found guilty of another felony in the future. Defendant stated that she understood this. The judge explained defendant’s appeal right if she went to trial and was found guilty as well as her right to counsel on appeal. She indicated that she understood she was waiving these rights.
 

 The trial judge stated that “[b]y pleading guilty, you’re telling this Court that you have in fact committed these three crimes. Do you understand that?” Defendant responded affirmatively. After the State presented a factual basis for the plea, the judge asked defendant, “Is that what you did, Ms. Vicknair?” Defendant stated, ‘Tes, ma’am.” The trial judge found that she was satisfied that defendant was aware of the nature of the three crimes to which she was pleading guilty, that she did in fact commit the three crimes, and that she understood the consequences of the guilty plea. The judge then concluded the plea was “a knowing, intelligent, free and voluntary act of pleading guilty” and accepted defendant’s guilty plea.
 

 ^Defendant also executed a “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty” form. The first paragraph of this form provides, “[y]ou have the right (1) to a trial by jury or by the Court alone, (2) to confront your accusers, and (3) against self-incrimination. By entering this plea of guilty, you are waiving or giving up these rights.” Defendant placed her initials next to this paragraph.
 

 Considering the record before us, we find that defendant’s guilty pleas are not constitutionally infirm. Rather, the record shows that defendant’s guilty pleas were
 
 *242
 
 freely and voluntarily entered. The record also reveals that the trial court complied with LSA-C.Cr.P. art. 556.1.
 

 Defendant was advised of her constitutional rights and said she understood she was waiving them by pleading guilty. She said she understood that she could stop the judge if she had questions or did not understand something, but the record does not show that defendant asked questions or indicated she was confused about the proceedings. Defendant was questioned about her age and education, and was advised of the sentencing ranges if her guilty pleas were accepted. She denied that anyone used force, coercion, intimidation, promise, or reward to force her to plead guilty, and she agreed that she committed the crimes asserted by the State in its factual basis. Although defendant argues that she did not realize that the proceedings made her a third felony offender, the record reflects that defendant was advised that she was pleading guilty to three charges, and the judge informed her that pleading guilty could expose her to greater penalties if she pled guilty to or was convicted of a future felony.
 

 Although the record shows that defendant freely and voluntarily entered her guilty pleas, defendant nevertheless argues that in light of
 
 State v. Holden,
 
 her pleas should be set aside, because it was her attorney who told the trial judge that |sshe was pleading guilty. In
 
 State v. Holden,
 
 08-2191 (La.App. 1 Cir. 6/23/09), 11 So.3d 1247, (unpublished opinion; not designated for publication), the defendant argued that the trial court failed to elicit a guilty plea personally from the defendant on the record. She specifically argued that the trial court failed to adhere to LSA-C.Cr.P. art. 556.1(D), which requires a verbatim record wherein the defendant “ ‘enters a plea of guilty.’ ” The
 
 Holden
 
 court set aside the conviction and provided the following:
 
 [3]
 

 Louisiana Code of Criminal Procedure Article 556.1(D) provides, in pertinent part: “In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.” A valid guilty plea must be a free and voluntary choice by the defendant. An express and knowing waiver of rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed.
 

 Neither defense counsel nor the judge can presume a waiver and enter a plea of guilty for the defendant, she must do it for herself, expressly. A tacit, “understood” plea of guilty is not valid. The trial court advised the defendant of her constitutional rights and elicited her agreement to a factual basis presented by the State, but the defendant did not expressly enter a guilty plea or waive her rights. While the trial court elicited from the defendant that she “understood” her
 
 Boykin
 
 rights, the defendant did not expressly waive her rights or actually plead guilty. Article 556.1(D) requires that a guilty plea be entered by the defendant.
 

 This Court is not bound by decisions of the First Circuit, and we decline to follow the
 
 Holden
 
 decision. Although
 
 Holden
 
 suggests that “magic words” are required to expressly plead guilty and for a valid waiver of rights, this approach seems contrary to established jurisprudence, which provides that the entire record should be considered in deciding the voluntariness of the plea, as well as the
 
 *243
 
 ^jurisprudence that provides a colloquy may not be indispensable as long as the record contains some other affirmative showing to support the guilty plea.
 

 In
 
 State v. Strain,
 
 585 So.2d 540, 543 (La.1991), the Louisiana Supreme Court emphasized that the determination of a valid waiver of counsel during a guilty plea depends on the entire record and not just by certain magic words used by the trial judge. In
 
 State v. Hinson,
 
 01-1548, pp. 1-2 (La.9/14/01), 797 So.2d 32, 32-33 (per curiam), the Louisiana Supreme Court found that the defendant knowingly and intelligently waived his right to counsel before pleading guilty based on the totality of the circumstances. The court cited
 
 Strain, supra,
 
 and noted that it had earlier provided that whether a plea is knowing and voluntary is determined by the entire record and not just by certain magic words used by the trial judge.
 

 In
 
 State v. Hebert,
 
 02-884, pp. 3-4 (La.App. 5 Cir. 12/30/02), 838 So.2d 30, 32, this Court stated that while it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.
 

 In
 
 State v. Brooks,
 
 38,963, p. 7 (La.App. 2 Cir. 9/22/04), 882 So.2d 724, 728-29,
 
 writ denied,
 
 04-2634 (La.2/18/05), 896 So.2d 30, the Second Circuit found that although the defendant never used the magic words “ T plead guilty’ ” to each charge, it was evident that he was fully informed that he was pleading guilty to three separate charges. The court further noted that there was “no contemporaneous objection to the method of proceeding with the charges” and that what the accused understood was to be determined in terms of the entire record and not just certain “magic words” used by the trial judge.
 

 | inEven if we were to follow the First Circuit’s
 
 State v. Holden
 
 decision, our review of the present case reveals that it is distinguishable from
 
 Holden.
 
 In the present case, the record contains an affirmative showing that defendant expressly pled guilty and waived her
 
 Boykin
 
 rights, as evidenced in the waiver of rights form. Defendant signed the waiver of rights form, acknowledging her act of pleading guilty was a knowing, intelligent, free and voluntary act. Defendant expressly waived her
 
 Boykin
 
 rights in the waiver of rights form by placing her initials after the paragraph that lists the
 
 Boykin
 
 rights and then provides: “By entering this plea of guilty, you are waiving or giving up these rights.”
 

 Considering the record before us and the applicable law and jurisprudence, we find that defendant knew she was pleading guilty, waived her
 
 Boykin
 
 rights, and entered valid guilty pleas. Her guilty pleas should not be set aside as constitutionally infirm. Accordingly, this assignment of error is without merit.
 

 ERRORS PATENT
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action by this Court.
 

 DECREE
 

 For the foregoing reasons, we find that defendant’s guilty pleas are valid, and we affirm defendant’s convictions.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [2]
 

 .
 
 State v. Holden,
 
 08-2191 (La.App. 1 Cir. 6/23/09), 11 So.3d 1247, (unpublished opinion; not designated for publication).
 

 [3]
 

 . It is noted that
 
 Holden
 
 includes a dissent that was written by Judge McDonald, wherein he states that he disagreed with the majority opinion and believed the record, when considered as a whole, indicated the defendant’s guilty plea was valid.