MARC E. JOHNSON, Judge.
 

 |2Pefendant appeals his sentence of 49½ years at hard labor without benefit of probation or suspension of sentence from the 24th Judicial District Court. For the following reasons, we affirm.
 

 In this appeal, defendant, Joshua Thomas, challenges only his habitual offender finding and sentence. Defendant challenges his convictions in companion ease,
 
 State v. Thomas,
 
 10-220 (La.App. 5 Cir. 10/26/10), 54 So.3d 678, 2010 WL 4486389. Unless otherwise indicated, all record references herein are to the record in the instant appeal, 10-KA-221.
 

 Defendant, Joshua Thomas, was found guilty by a jury of two counts of armed robbery (LSA-R.S. 14:64), one count of attempted armed robbery (LSA-R.S. 14:27:64), and one count of aggravated battery (LSA-R.S. 14:34). The trial court sentenced him to 40 years at hard labor on each count of armed robbery (counts 1 and 2), 20 years at hard labor on the attempted armed robbery (count 3), and 10 years at hard labor on the aggravated battery (count 4). The court directed |3that all of the sentences run concurrently with each other, and that they all be served without benefit of parole, probation, or suspension of sentence.
 

 The State filed a habitual offender bill of information alleging defendant to be a third felony offender. The State specified that it sought to enhance defendant’s sentence as to Count 1, armed robbery. On October 9, 2009, the State agreed to amend the habitual offender bill to eliminate one of the alleged predicate convictions in exchange for defendant’s admission to second offender status. The trial court advised defendant of his right to a habitual offender hearing and his right to remain silent. Defendant indicated he understood his rights, and that he wished to waive them and stipulate to second offender status. The court accepted defendant’s admission.
 

 The trial court vacated the sentence on count 1 and, in accordance with the sentencing agreement, imposed an enhanced sentence of 49½ years at hard labor without benefit of probation or suspension of sentence. Defendant made an oral motion to reconsider sentence, which the court denied. Defendant then filed a written motion to reconsider sentence, which the trial court also denied. Defendant filed a timely motion for appeal.
 

 Defendant noticed his intention to file a pro se supplemental brief in his appeal. In an order dated May 19, 2010, this Court granted him until June 17, 2010 to file a
 
 pro se
 
 brief. Defendant did not file a supplemental brief.
 

 The pertinent facts in this case are outlined in the opinion for the companion case,
 
 State v. Thomas,
 
 10-220 (La.App. 5 Cir. 10/26/10), 54 So.3d 678, 2010 WL 4486339.
 

 ASSIGNMENT OF ERROR
 

 The trial court erred by imposing an excessive sentence.
 

 |
 
 ¿DISCUSSION
 

 Defendant contends that his 49½ year sentence, the minimum term allowed in his case under the Habitual Offender Law, is constitutionally excessive, arguing the sentence is not supported by the record. Defendant further argues that the trial court failed to articulate a basis for the sentence as required under LSA-C.Cr.P. art. 894.1.
 
 *691
 
 The State responds that defendant fails to show the circumstances of his case are such that he qualifies for a deviation below the mandatory minimum sentence prescribed by law.
 

 As a second felony offender convicted of the underlying felony of armed robbery, defendant was subject to a sentencing range of 49½ to 198 years. LSA-R.S. 14:64 B; LSA-R.S. 15:529.1 A(l)(a). Defendant received the minimum sentence as part of the habitual offender sentencing agreement. Under LSA-C.Cr.P. art. 881.2 A(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. This Court has consistently recognized that Article 881.2 precludes a defendant from seeking review of an enhanced sentence to which he agreed prior to stipulating to the habitual offender bill.
 
 State v. Moore,
 
 06-875, p. 15 (La.App. 5 Cir. 4/11/07); 958 So.2d 86, 46;
 
 State v. Goodwin,
 
 05-51, p. 4 (La.App. 5 Cir. 6/28/05); 908 So.2d 56, 58. Thus, defendant is not entitled to review of this issue.
 

 In any case, it is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional.
 
 State v. Johnson,
 
 97-1906, p. 7 (La.3/4/98); 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds there is clear and convincing evidence in the case before it that rebuts the presumption of constitutionality.
 
 Id.
 
 The burden is on the defendant to rebut the presumption of constitutionality by showing “ ‘[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a | ¡¡victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.’ ”
 
 State v. Johnson,
 
 97-1906 at 8, 709 So.2d at 676,
 
 quoting State v. Young,
 
 94-1686, pp. 5-6 (La.App. 4 Cir. 10/26/95); 663 So.2d 525, 531,
 
 writ denied,
 
 95-3010 (La.3/22/96); 669 So.2d 1223 (Plotkin, concurring).
 

 Downward departures from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in rare situations.
 
 State v. Davis,
 
 01-123 (La.App. 5 Cir. 7/30/01); 792 So.2d 126, 132. The trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism.
 
 State v. Ventress,
 
 01-1165, p. 10 (La.App. 5 Cir. 4/30/02); 817 So.2d 377, 384.
 

 The record in this case does not reflect that defendant urged the trial court to deviate from the mandatory minimum term at the time of his habitual offender stipulation. Nor did defendant urge the trial court to deviate below the mandatory minimum sentence in his motion to reconsider sentence. In his argument to this Court, defendant simply relates the general law on excessive sentences. He does not show that his circumstances are such that he is entitled to a deviation below the statutory minimum sentence.
 

 Based on the foregoing reasons, we find that this assignment of error is meritless.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Since this appeal pertains only to the habitual offender proceedings, the error patent review is limited to those proceedings.
 
 See State v. Jones,
 
 09-788, p. 13 (La.App. 5 Cir. 4/13/10); 35 So.3d 1162.
 

 | ¡¡While the commitment reflects that the trial court advised defendant of the prescriptive period for applying for post-conviction relief at the time of his habitual
 
 *692
 
 offender sentencing, the transcript does not show that the court so advised defendant.
 
 [1]
 
 The trial court’s advice at the time of defendant’s original sentencing was incomplete. As a result, we are now informing defendant in this opinion that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
 
 State v. Hill,
 
 09-89, p. 7 (La.App. 5 Cir. 5/26/09); 15 So.3d 1042, 1046.
 

 Additionally, the habitual offender commitment shows the trial court ordered that the enhanced sentence on Count 1 run concurrently with defendant’s three other sentences in this case. But, the habitual offender sentencing transcript is silent on the matter. LSA-C.Cr.P. art. 883 provides:
 

 If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
 

 The Official Revision Comment to the article provides that, “When the court does not expressly direct whether the sentences are to be served concurrently or consecutively, this article provides the rule of construction.”
 

 In this instance, all of the offenses with which defendant was charged were part of the same scheme or plan. Thus, based on Article 883, the record is |7sufficient to show the trial court’s intention to have defendant’s habitual offender sentence run concurrently with his three other sentences.
 

 DECREE
 

 For the foregoing reasons, defendant’s sentences are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Where the transcript and the minute entry conflict, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).