MARC E. JOHNSON, Judge.
1 ^Defendant, Marvin Smith, appeals his habitual offender sentence of 30 years imprisonment at hard labor from the 24th Judicial District Court, Division “I”. For the following reasons, we affirm the sentence.
FACTS AND PROCEDURAL HISTORY
Around 2:00 A.M. on July 17,1995, Mrs. Merlin Hotard awoke when she heard the sound of a light switch being turned on and then the sound of her dog growling. Mrs. Hotard immediately called 911 and requested that the police come out to check her home. Mrs. Hotard testified that she stayed in her bedroom until the police arrived and advised her that it was safe for her to come out.
Officer Joseph Piglia of the Gretna Police Department testified that he received a call on the morning of July 17, 1995, to investigate a possible house burglary at the home of Mrs. Merlin Hotard. Upon approaching the home, Officer Piglia noticed that the rear door of the home was open. Along with two other officers, Officer Piglia entered the home and observed someone standing in the |3kitchen. Officer Piglia testified that after ordering the intruder to the ground, he noticed a fillet knife with a wooden handle and a plastic bag on the floor next to the intruder’s right hand. He testified that the bag contained silverware and other assorted objects. Officer Piglia identified Defendant in open court as the man he saw standing in Mrs. Hotard’s kitchen whom he later arrested for aggravated burglary.
Officer Eric Stahl also testified and corroborated Officer Piglia’s testimony. Officer Stahl also identified Defendant as the man that was arrested in Mrs. Hotard’s kitchen. He read Defendant his rights after placing him under arrest. After arriving at the police station and again being read his rights, Defendant was given a “Rights Form” on which he could choose whether to waive his rights or to speak to an attorney. Defendant marked the space indicating that he was waiving his rights and wished to make a statement. Defendant thereafter admitted that he had broken into Mrs. Hotard’s residence to take her property. Officer Stahl testified Defendant was not coerced, intimidated or forced, nor was he offered anything of value for his statement.
On March 25, 1996, Defendant was convicted by a Jefferson Parish jury of aggravated burglary, a violation of LSA-R.S. 14:60. A habitual offender hearing was held on October 25, 1996, after which the trial court found Defendant to be a third felony offender.[1] The trial court sentenced Defendant to life imprisonment.
*1268 Defendant filed an Anders brief and his conviction and sentence were affirmed by this Court on December 30, 1996. On January 28, 2011, Defendant filed a Motion to Correct Illegal Sentence pursuant to LSA-C.Cr.P. arts. 882(A)(B) and 872(1)-(3), alleging that his habitual offender sentence was illegal because he |4was sentenced under the incorrect version of LSA-R.S. 15:529.1. The trial court denied Defendant’s motion on February 4, 2011, after finding that Defendant cited the incorrect law.
On March 29, 2011, this Court granted Defendant’s application for supervisory writs in Smith v. State, 11-KH-213 (La.App. 5 Cir. 3/29/11) (unpublished writ). This Court granted the writ and remanded Defendant’s case to the trial court “to consider relator’s motion to correct illegal sentence under the version of LSA-R.S. 15:529.1 as it existed at the time of the commission of the underlying offense sought to be enhanced as enumerated in the multiple bill of information.” On April 11, 2011, the trial court, on remand, again denied Defendant’s Motion to Correct Illegal Sentence, finding Defendant’s sentence adhered to the habitual offender law in effect at the time of the commission of the underlying offense sought to be enhanced.
Defendant filed a second application for supervisory writs in Smith v. State, 11-KH-518 (La.App. 5 Cir. 5/14/11)(unpublished writ), which this Court granted. In its disposition, this Court was unable to determine whether Defendant had received an illegal third felony offender sentence under the correct version of LSA-R.S. 15:529.1 because he failed to submit a copy of the habitual offender bill of information containing his predicate offenses; however, this Court again remanded the case to the trial court for consideration of Defendant’s Motion to Correct Illegal Sentence “under the proper version of LSA-R.S. 15:529.1 as it existed at the time of the commission of the underlying offense on July 17,1995, before subsequent amendments took effect on August 15, 1995.”
Pursuant to this Court’s order, on August 29, 2011, a hearing was held on Defendant’s Motion to Correct Illegal Sentence. The trial court vacated Defendant’s life sentence and re-sentenced him to 40 years imprisonment at hard Ijabor. On September 15, 2011, Defendant filed a motion to reconsider his 40-year sentence. The trial court denied Defendant’s motion on September 26, 2011. On October 24, 2011, Defendant filed a second Motion to Reconsider Sentence. A hearing on Defendant’s motion was held on December 9, 2011, at which time the trial court vacated Defendant’s 40-year sentence and sentenced him to 30 years imprisonment at hard labor.
On January 4, 2012, Defendant filed another Motion to Reconsider Sentence and a Motion for Appeal. The trial court granted Defendant’s Motion for Appeal on January 25, 2012 but failed to rule on his Motion to Reconsider Sentence. Thus, on September 6, 2012, this Court ordered the trial court to rule on Defendant’s motion within 14 days, and upon ruling, supplement the appellate record. The trial court denied Defendant’s Motion to Reconsider Sentence on September 10, 2012. The instant appeal followed.
ASSIGNMENT OF ERROR
On appeal, Defendant’s sole assignment of error is that his 30-year sentence is unconstitutionally excessive.
*1269 LAW AND ANALYSIS
Defendant argues that he has spent 17 years fighting to have his illegal life sentence, which he asserts was imposed under an inapplicable version of the habitual offender statute, corrected. Defendant contends the trial court eventually reduced his life sentence to 80 years under the correct provision of the habitual offender law in effect at the time of the commission of the underlying offense, but his 30-year sentence is still illegal because it is unconstitutionally excessive. Defendant claims that he is no longer a threat to society as evidenced by his conduct while incarcerated, which includes the earning of his GED and two college degrees from the New Orleans Baptist Theological Seminary, the participation and | ficompletion of various self-help programs, and a promotion to trustee status at Angola prison. Defendant also asserts that the trial court failed to state its reasons for imposing the 30-year sentence in contravention of LSA-C.Cr.P. arts. 894.1 and LSA-R.S.15:529.1. Thus, Defendant maintains that fundamental fairness and due process mandate that his sentence be vacated and his case be remanded to the trial court for reconsideration.
The State responds that Defendant’s 30-year sentence is not excessive. The State notes that under the habitual offender law in effect at the time of the commission of the underlying offense, the law provided for a possible sentencing range of 20 to 60 years. Thus, the State maintains that Defendant’s 30-year sentence is within the limits set by the legislature, is in proportion to the severity of the crime, and is supported by the record.
The trial judge did not give oral reasons prior to sentencing Defendant to 30 years imprisonment as a third felony offender. On January 4, 2012, Defendant filed a motion to reconsider his enhanced 30-year sentence, arguing that his sentence is excessive given the mitigating factors in his case. Specifically, in his motion Defendant asserted that since his incarceration, he has become a “Class ‘A’ Trustee” and has obtained various degrees and awards, such as two degrees from the New Orleans Baptist Theological Seminary and a Louisiana Medal for Military Service. Defendant concluded that his 30-year sentence should be reconsidered, and that a 25-year sentence with “good time” should be imposed. The trial court denied Defendant’s motion on September 10, 2012, finding that “[Djefendant’s sentence is within the statutory parameters provided.” Because Defendant filed a timely Motion to Reconsider Sentence stating the specific grounds upon which it was based, this issue is properly before this Court on appeal. See LSA-C.Cr.P. art. 881.1.
|7First, Defendant argues that the trial court erred in failing to state its reasons for imposing the 30-year sentence in contravention of LSA-C.Cr.P. arts. 894.1 and LSA-R.S. 15:529.1. Defendant’s argument is misplaced. The trial court was not required to comply with sentencing guidelines or consider mitigating circumstances when sentencing Defendant as a habitual offender. Compliance with sentencing guidelines pursuant to LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. State v. Johnson, 01-0842 (La.App. 5 Cir. 2/13/02); 812 So.2d 106, 118, writ denied, 02-1037 (La.3/21/03); 840 So.2d 532; State v. Jenkins, 07-586 (La.App. 5 Cir. 1/22/08); 977 So.2d 142.
Second, based on the facts of this case, we find that Defendant’s 30-year sentence is not excessive. The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of *1270 excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Munoz, 575 So.2d 848, 851 (La.App. 5th Cir.1991), writ denied, 577 So.2d 1009 (La.1991). The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Rainey, 98-436 (La.App. 5 Cir. 11/25/98); 722 So.2d 1097, 1106, writ denied, 98-3219 (La.5/7/99); 741 So.2d 28.
Three factors should be considered in reviewing a judge’s sentencing discretion: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Le, 98-1274 (La.App. 5 Cir. 6/30/99); 738 So.2d 168, 171, writ denied, 00-2174 (La.4/12/01); 789 So.2d 587; State v. Medious, 98-419 (La.App. 5 Cir. 11/25/98); 722 So.2d 1086, 1092, writ denied, 98-3201 (La.4/23/99); 742 So.2d 876. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00); 754 So.2d 392, writ denied, 00-1467 (La.2/2/01); 783 So.2d 385.
Under the statute used at re-sentencing, Defendant was exposed to a sentencing range of 20 to 60 years.[2] LSA-R.S. 15:529.1(A)(l)(b)(ii). The trial court sentenced Defendant to 30 years, which is at the lower end of the sentencing range. Additionally, when Defendant was first re-sentenced to 40 years, the trial court was presented with Defendant’s achievements obtained while incarcerated and agreed to take them into consideration during sentencing. Later, the trial court vacated Defendant’s 40-year sentence and imposed a 30-year sentence. Moreover, two of Defendant’s three convictions (purse snatching and aggravated burglary) constituted crimes of violence under LSA-R.S. 14:2(B). Accordingly, it appears that the trial court considered defendant’s criminal history, as well as the mitigating factors in this case prior to sentencing.
Therefore, after reviewing the record in this case, including the certified copies of Defendant’s two predicate convictions, we find that the 30-year sentence for a third felony offense is not unconstitutionally excessive.
J¿ERROR PATENT DISCUSSION[3]
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. *1271 5th Cir.1990). We find the following errors patent must be corrected.
First, a review of the habitual offender bill commitment in this case reflects Defendant was sentenced under LSA-R.S. 15:529.1, but it does not reflect Defendant’s specific status as a third felony offender. This Court has recognized a similar matter to be an error patent. In State v. Defrene, 07-823 (La.App. 5 Cir. 2/19/08); 980 So.2d 31, 34, the transcript reflected that the defendant pleaded guilty to being a second felony offender, while the commitment reflected that the Defendant was “sentenced under the Multiple Bill statute.” This Court remanded the matter to the trial court for the limited purpose of correcting the commitment to state defendant was sentenced as a second felony offender. Id. (See also, State v. McKenzie, 09-893 (La.App. 5 Cir. 2/15/11); 61 So.3d 54; State v. Scott, 08-703 (La.App. 5 Cir. 1/27/09); 8 So.3d 658, writ denied, 09-0650 (La.12/11/09); 23 So.3d 910, where this Court remanded the matter to the trial court for the limited purpose of correcting the commitment to state defendant was sentenced as a second felony offender.)
Accordingly, we remand this matter for correction of the commitment to reflect that Defendant was sentenced as a third felony offender and direct the Clerk of Court to transmit the original of the minute entry to the officer in charge of the institution to which the Defendant has been sentenced.
| inSecond, the transcript indicates that the trial court provided Defendant with an incomplete advisal of the time period for seeking post-conviction relief as required by LSA-C.Cr.P. art. 930.8. Specifically, the trial court advised Defendant that he had two years from “the day your judgment of conviction becomes final to seek post conviction relief.” It is well-settled that if a trial court fails to advise, or provides an incomplete advisal, pursuant to LSA-C.Cr.P. art. 930.8, the court may correct said error by informing the defendant of the applicable prescriptive period for post-conviction relief. See State v. Roche, 05-237 (La.App. 5 Cir. 4/25/06), 928 So.2d 761, 767, 768, writ denied, 06-1566 (La.1/8/07); 948 So.2d 120; State v. Thomas, 10-221 (La.App. 5 Cir. 11/9/10); 54 So.3d 688, writs denied, 10-2758 (La.4/25/11); 62 So.3d 89 and 10-2752 (La.5/20/11); 63 So.3d 974; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11); 67 So.3d 535, writ denied, 11-1753 (La.2/10/12); 80 So.3d 468; State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08); 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09); 21 So.3d 272; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08); 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09); 19 So.3d 473.
Thus, by means of its opinion, we correct this error and inform Defendant that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
DECREE
Based upon the foregoing reasons, we affirm Defendant’s sentence. Additionally, we remand the matter to the trial court for correction of the commitment.

AFFIRMED

. In its written reasons for judgment, the trial court found that the State proved Defendant *1268 had been convicted of purse snatching, a violation of LSA-R.S. 14:65.1, case number 302-209 in Criminal District Court for the Parish of Orleans, and simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, case number 82-2237 in the 24th Judicial District Court for the Parish of Jefferson.

. The longest possible sentence for aggravated burglary at the time of the offense was 30 years imprisonment at hard labor. LSA-R.S. 14:60. Both the pre-amended and amended statutes provide that "[i]f the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then: the person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.”

. It is noted that this is Defendant's second appeal. Defendant received an error patent review upon his original appeal and this Court found no errors. Defendant is not entitled to a second error patent review of his underlying conviction and sentence; however, the record on appeal regarding Defendant’s habitual offender resentencing was reviewed. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01); 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03); 834 So.2d 426; and State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95); 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96); 669 So.2d 1222, 96-0041 (La.3/29/96), 670 So.2d 1237.