993 So.2d 659 (2008)
STATE of Louisiana
v.
Kenneth SMITH.
No. 08-KA-127.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2008.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Desiree M. Valenti, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Frederick J. Kroenke, Jr., Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
*660 CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On July 14, 2005, a grand jury indicted defendant, Kenneth Smith, with the crime of aggravated rape of a male juvenile in violation of LSA-R.S. 14:42. Defendant pled not guilty at his arraignment. The State later amended the indictment to charge defendant with forcible rape, a violation of LSA-R.S. 14:42.1. Defendant filed several pre-trial motions, including a motion to suppress the confession, identification and evidence. He proceeded to trial on May 24, 2006. Prior to the selection of a jury, defendant withdrew his not guilty plea and entered a guilty plea to the amended charge of forcible rape. In accordance with the plea agreement, the trial court sentenced defendant to 25 years in the Department of Corrections with the first two years being imposed without the benefit of parole, probation, or suspension of sentence.
Defendant now appeals arguing one assignment of error, that his plea of guilty was not made knowingly and voluntarily as required by the U.S. Constitution and Louisiana Constitution.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues his guilty plea was not knowingly and voluntarily made because he was not advised of the sex offender registration requirements at any time during the plea process. He maintains that he would not have pled guilty had he been informed of the registration requirements. The State responds that defendant's guilty plea was knowingly and voluntarily entered.
Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn and only by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin[1] colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept. Id. Although defendant has not filed a motion to withdraw his guilty plea, this does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. State v. McCoil, supra.
When a defendant pleads guilty to a sex offense, the trial court must also act in accordance with LSA-R.S. 15:543(A), which, at the time defendant pled guilty, provided: "[t]he court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant." In State v. Calhoun, 96-786, p. 9 (La.5/20/97), 694 So.2d 909, 914, the Louisiana Supreme Court held that the failure of the trial court to advise a defendant of the sex registration requirements before accepting his guilty plea is a factor "that undercuts the voluntariness of that plea." But, the Supreme Court specifically noted, "[w]e express no opinion as to whether the failure to timely notify a defendant of the registration requirements alone would require a district court to permit a guilty plea to be withdrawn." Id., n. 6.
In Calhoun, defendant sought to withdraw his guilty plea on the basis it was involuntary because he was not advised of the sex offender registration requirements and he received ineffective assistance of *661 counsel. The Supreme Court found that the totality of circumstances surrounding defendant's plea required he be allowed to withdraw his guilty plea. The Supreme Court listed three factors that it considered undercut the voluntariness of the defendant's guilty plea:
(1) the failure of the trial court to notify defendant of the sex offender registration requirements at the guilty plea stage, (2) the lack of preparedness of defendant's then-counsel when he advised [the defendant] that it was in his "best interest" to plead guilty, and (3) the fact that the defendant steadfastly maintained his innocence, which supports defendant's contention that he pled guilty only because his attorney told him that there were no possible defenses to the charges.

Id. at 12, 694 So.2d at 915.
In State v. Johnson, 99-2104, p. 9 (La. App. 4 Cir. 9/6/00), 769 So.2d 660, 665, the Fourth Circuit relied on Calhoun and reversed the trial court's denial of the defendant's motion to withdraw his guilty plea to forcible rape. Like Calhoun, the Fourth Circuit relied on several factors that it concluded undercut the voluntariness of the defendant's plea. It cited the trial court's failure to notify the defendant of the sex registration requirements and defense counsel's lack of preparation for trial. The court noted defense counsel was appointed on the day of arraignment and could not have properly investigated the case prior to the entry of defendant's guilty plea on the same day. On appeal, the defendant maintained his counsel advised him any defense was futile; however, the Fourth Circuit remarked that the preliminary hearing transcript showed the victim's statements to the police were inconsistent.
Conversely, in State v. Blanchard, 00-1147 (La.4/20/01), 786 So.2d 701, the Louisiana Supreme Court distinguished Calhoun and found no basis to allow the defendant to withdraw his guilty plea despite the fact the trial court had failed to advise him of the sex registration requirements during the plea colloquy. The Supreme Court relied on evidence presented at the evidentiary hearing on the defendant's motion to withdraw his guilty plea to conclude the defendant was aware of the sex offender registration laws. Specifically, defense counsel testified that he informed the defendant of the registration requirements. The defendant testified he believed that by entering a "best interest" plea he was not pleading guilty and, therefore, believed he would no longer have to comply with the registration requirements. The Supreme Court noted defendant's college education and the defendant's pre-plea attempt to resolve the case to avoid the registration requirements before concluding his unsupported expectation of avoiding the registration requirements did not provide a basis for withdrawing his guilty plea. Id. at 4-5, 786 So.2d at 704-05.
Unlike Blanchard, there has been no evidentiary hearing in the present case regarding defendant's knowledge of the sex registration requirements and its effect, if any, on the voluntariness of his guilty plea. The plea colloquy transcript shows the trial court did not advise defendant of the registration requirement and there is no indication on the record that defense counsel notified defendant of the requirement. Defense counsel simply stated he had "gone over the Boykin form with Mr. Smith, I've explained it to him, I feel he understands it...." Additionally, notice of the registration requirement is not contained in the guilty plea form as required, at the time, by LSA-R.S. 15:543(A).
As previously noted, the Calhoun court expressly declined to comment on whether *662 the failure of a defendant to be advised of the sex offender registration requirement alone would provide a basis for a defendant to withdraw his guilty plea. State v. Calhoun, supra at 9, 694 So.2d at 914 n. 6. Unlike Calhoun, where the Supreme Court allowed the defendant to withdraw his guilty plea based on the lack of notice of the registration requirement and ineffective assistance of counsel, defendant in the present case does not assert an ineffective assistance of counsel claim on appeal. However, defendant did raise an ineffective assistance of counsel claim in a previous post-conviction relief application. That application was denied by the trial court, but eventually found to be premature by this Court because defendant had not exhausted his appeal rights.
Further, prior to defendant's plea of guilty, defense counsel requested a trial continuance so he could have more time to work on defendant's case. Although he never specifically alleged he was unprepared for trial, defense counsel advised the trial court that he had only met with defendant once before and felt defendant deserved more of his time since he was facing a life sentence. Defense counsel cited Hurricane Katrina and his increased work load as reasons for not being able to meet with defendant.
The record shows the trial court arraigned defendant on July 15, 2005 and ordered counsel from the Indigent Defender's Board (IDB) be appointed. A status hearing was scheduled for August 26, 2005 but was continued at appointed counsel's request. Hurricane Katrina hit the New Orleans area on August 29, 2005, which resulted in the closing of the 24th Judicial District Court until October 11, 2005. The minute entries indicate that the trial court continued trial twice thereafter because defendant was in an unknown correctional facility. Later minute entries, dated April 17, 2006 and May 22, 2006, show that defendant was in the Jefferson Parish Prison but was not transported to trial; thus, the trial court continued trial two more times.
Trial was rescheduled for May 24, 2006, when defense counsel requested a continuance and defendant pled guilty. Defense counsel also advised the trial court of an outstanding motion to suppress. The trial court stated it would hear the motion after the selection of a jury. For reasons not on the record, the trial court recessed. The next notation on the record shows the parties returned and defendant pled guilty.
The plea colloquy was relatively short. The trial court advised defendant he was pleading guilty to forcible rape, a felony, and of his right to a trial by jury, right to confront witnesses against him, and right against self-incrimination. Defendant stated he understood that he was waiving these rights by pleading guilty. The trial court also advised defendant of the sentencing range for forcible rape. Defendant affirmatively replied when asked if he was satisfied with his attorney and negatively replied when asked if he had been forced, coerced, threatened, or promised anything to plead guilty. The trial court then accepted defendant's guilty plea and sentenced him in accordance with the plea agreement.
We find the totality of circumstances surrounding defendant's guilty plea warrants an evidentiary hearing concerning the voluntariness of his plea. In State v. Myers, 98-1213, p. 9 (La.App. 4 Cir. 2/9/00), 753 So.2d 921, 926, the defendant claimed his guilty plea was involuntary because the trial court failed to inform him of the sex offender registration requirements before accepting his guilty plea. The Fourth Circuit noted that the issue of whether the defendant's guilty plea was *663 voluntary had never been presented to the trial court. As such, the court remanded the case to the trial court to allow the defendant the opportunity to formally withdraw his guilty plea. In light of Myers, we remand this matter for an evidentiary hearing on the voluntariness of defendant's guilty plea and allow defendant to withdraw his plea if it is determined it was involuntary.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals one error patent.
The trial court incompletely advised defendant of the prescriptive period for filing an application for post-conviction relief under LSA-C.Cr.P. art. 930.8. According to the transcript, the trial judge advised defendant that he had "two years from the date the sentence becomes final to file post conviction relief applications." The prescriptive period runs from the time a defendant's conviction and sentence become final. Thus, the trial court's advisal was incomplete. State v. Williams, 05-59, p. 8 (La.App. 5 Cir. 5/31/05), 904 So.2d 830, 835. Although the commitment shows the trial court's advice was complete, the transcript prevails when there is a discrepancy between it and the minutes. State v. Lynch, 441 So.2d 732, 733 (La.1983).
Therefore, we order the trial court to properly advise defendant by written notice within 10 days of the rendition of the opinion of the prescriptive period under LSA-C.Cr.P. art. 930.8 and then to file written proof in the record that defendant received the notice. See State v. Williams, supra at 8-9, 904 So.2d at 835.
Accordingly, we remand this matter to the trial court for an evidentiary hearing to determine the voluntariness of defendant's guilty plea. Further, we order the trial court to properly advise defendant of the applicable prescriptive period for filing a post-conviction relief application, as discussed above.
REMANDED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).