MARC E. JOHNSON, Judge.
 

 12This is defendant’s second appeal from his conviction for forcible rape. For the following reasons, we affirm.
 

 Defendant was indicted by a grand jury on July 14, 2005 and charged with aggravated rape of a male juvenile in violation of LSA-R.S. 14:42. The indictment was later amended to charge defendant with forcible rape in violation of LSA-R.S. 14:42.1. Defendant pled guilty to the amended charge
 
 *896
 
 and, in accordance with a plea agreement, was sentenced to 25 years in the Department of Corrections with the first two years imposed without the benefit of parole, probation, or suspension of sentence.
 

 Defendant appealed his conviction claiming his guilty plea was not knowing and voluntary because he was not advised of the sex offender registration requirements at any time during the plea process. On appeal, this Court determined an eviden-tiary hearing was needed to determine the voluntariness of defendant’s plea and remanded the matter for such a hearing.
 
 State v. Smith,
 
 08-127, p. 8 (La.App. 5 Cir. 7/29/08), 993 So.2d 659, 663. On remand, the trial court |3held the required evidentiary hearing and determined defendant was not entitled to withdraw his guilty plea.
 

 In this second appeal, defendant appeals the trial court’s ruling that he was not entitled to withdraw his guilty plea.
 

 FACTS
 

 Defendant’s conviction resulted from a guilty plea and, thus, little is known about the facts and circumstances surrounding the charged offense. The plea colloquy contains no factual basis
 
 [1]
 
 for the guilty plea and the indictment simply alleges that defendant committed forcible rape on a 16-year-old male on May 15, 2005.
 

 ASSIGNMENT OF ERROR
 

 Defendant’s sole assignment of error is that the trial court erred in denying his motion to withdraw his guilty plea.
 
 [2]
 
 He argues the failure of either the trial court or his trial counsel to notify him of the sex offender registration requirements combined with his trial counsel’s lack of preparedness for trial rendered his guilty plea involuntary. He contends that he would not have pled guilty had he been advised of the registration requirements.
 

 The State responds it is unbelievable that defendant would not have pled guilty had he known he would have to comply with the sex offender registration | ¿requirements. The State asserts defendant received a great benefit in the plea agreement in that he only faced a 25-year sentence for forcible rape as opposed to a life sentence for aggravated rape. The State further points out the record shows
 
 *897
 
 defendant’s trial counsel was prepared for trial.
 

 In remanding this matter for an eviden-tiary hearing after defendant’s first appeal, this Court acknowledged
 
 State v. Calhoun,
 
 96-786 (La.5/20/97), 694 So.2d 909, wherein the Louisiana Supreme Court held that the failure of the trial court to advise a defendant of the sex registration requirements before accepting his guilty plea is a factor “that undercuts the voluntariness of that plea.” We specifically noted that the supreme court expressed no opinion of whether the failure to notify a defendant of the registration requirement
 
 alone
 
 would require a district court to allow the defendant to withdraw his guilty plea.
 
 State v. Smith,
 
 08-127 at 3-4, 998 So.2d at 660.
 

 This Court further recognized two cases involving the same issue that produced different results. Specifically, we noted
 
 State v. Johnson,
 
 99-2104, p. 9 (La.App. 4 Cir. 9/6/00), 769 So.2d 660, 665, where the Fourth Circuit reversed the trial court’s denial of the defendant’s motion to withdraw his guilty plea after finding the trial court’s failure to notify the defendant of the sex registration requirements and defense counsel’s lack of preparation for trial rendered the defendant’s guilty plea involuntary. And, conversely, we noted
 
 State v. Blanchard,
 
 00-1147 (La.4/20/01), 786 So.2d 701, where the Louisiana Supreme Court found no basis to allow the defendant to withdraw his guilty plea despite the trial court’s failure to advise him of the sex registration requirements during the plea colloquy. The supreme court noted that the evidence at the evidentiary hearing showed that defense counsel informed the defendant of the sex offender registration laws.
 

 |sUpon remanding the present case, we stated that the totality of circumstances surrounding defendant’s guilty plea warranted an evidentiary hearing concerning the voluntariness of his plea. Specifically, we noted that defense counsel requested a continuance prior to defendant’s plea so he could have more time to work on the case, since he had only met with defendant once, and that the plea colloquy was relatively short. Accordingly, we instructed the trial court to determine the voluntariness of defendant’s guilty plea and to allow defendant to withdraw his plea if it was determined the plea was involuntary.
 
 Smith,
 
 08-127 at 7, 993 So.2d at 662-63.
 

 During the evidentiary hearing held on remand, defendant presented his own testimony and that of his trial counsel, John Benz. Mr. Benz, an attorney for the Indigent Defender Board (IDB), testified that he was assigned to represent defendant on the aggravated rape charge and explained what he did to prepare for the case. He stated he went to the house where the alleged incident occurred in an attempt to locate witnesses but was unsuccessful. He also hired an investigator and met with defendant to determine his defense, which hinged on the credibility of the victim or a “credibility defense.” Mr. Benz stated he reviewed the discovery he had received with defendant. He further testified he filed motions to suppress the identification and defendant’s statement.
 

 Mr. Benz stated that on the morning of trial he requested a continuance because he had been in trial the previous day and evening and because he had only seen defendant once before and wanted to see if he could generate a defense other than the credibility defense defendant gave him. Mr. Benz denied he was unprepared for trial. He stated he was prepared to try the credibility defense. He explained he had reviewed the statements of all the witnesses, the victim’s statement, and the medical documents.
 

 ItiMr. Benz further testified that on the morning of trial, he discussed the plea offer with defendant; specifically, that the
 
 *898
 
 State was willing to reduce the charge from aggravated rape to forcible rape with a 25-year sentence and agreed not to file a multiple bill against defendant. Mr. Benz testified he explained to defendant that his credibility defense was not very good. He told defendant he would probably need to testify because there were no witnesses to support his version of events. He explained to defendant that the jury probably would not believe him in light of his numerous convictions, including one for armed robbery and one for rape. Mr. Benz stated defendant’s prior rape conviction involved a knife and explained the present charge of rape also involved a knife issue. Mr. Benz also stated he explained the waiver of rights form to defendant. He did not recall discussing the sex offender registration requirements with defendant and noted the waiver of rights form did not mention the registration requirements.
 

 Defendant testified Mr. Benz met with him the night before trial. He stated they discussed the police report for one to two seconds and did not discuss any other aspects of the case. Defendant testified he provided Mr. Benz with names of witnesses, including the owner of the house where the alleged offense occurred and the Kenner police officer(s), but that Mr. Benz said he could not find any witnesses. Defendant stated Mr. Benz discussed the ramifications of him testifying at trial. He also stated Mr. Benz told him at least three times on the morning of trial that he was going to receive a life sentence. Defendant testified Mr. Benz did not discuss the sex offender registration requirements with him and specifically stated that he would not have pled guilty had he known of the registration requirements. Defendant further maintained his innocence.
 

 At the conclusion of the hearing, the trial court refused to let defendant withdraw his guilty plea. The trial court stated that based on the testimony of the ^witnesses and the record, defendant’s trial counsel did an excellent job for defendant obtaining a reduction in the charge and sentence from aggravated rape and a life sentence to forcible rape and a 25-year sentence.
 

 We find no error in the trial court’s refusal to allow defendant to withdraw his guilty plea. As this Court stated in the first appeal, once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn. A guilty plea is infirm when it is not entered freely and voluntarily.
 
 Smith,
 
 08-127 at 3, 993 So.2d at 660.
 

 As stated above, the supreme court in
 
 Calhoun
 
 noted that a trial court’s failure to inform the defendant of the sex offender registration requirements prior to accepting a guilty plea is a factor that undercuts the voluntary nature of a guilty plea. In
 
 Calhoun,
 
 the supreme court ultimately found the defendant’s guilty plea was not voluntary. The supreme court considered the totality of the circumstances and cited three factors that, in combination, rendered the defendant’s guilty plea involuntary: (1) the failure of the defendant to be advised of the sex offender registration, (2) the lack of preparedness of defendant’s trial counsel when advising the defendant it was in his best interest to plead guilty, and (3) the fact the defendant steadfastly maintained his innocence.
 
 Calhoun,
 
 96-786 at 12, 694 So.2d at 915.
 

 In
 
 Calhoun,
 
 the day before the defendant pled guilty, defense counsel filed a motion to be relieved as counsel or, alternatively, for a continuance of trial. He specifically noted his lack of preparedness, including his failure to determine the State’s evidence against the defendant and his failure to interview material witnesses, and the fact he was not “enthused” about representing the defendant because the
 
 *899
 
 defendant had paid far less than the negotiated fee. Noting that defense counsel had conceded he was unprepared for trial and ill-prepared to Rassess the quality of the State’s case or the defendant’s defense, the supreme court concluded that defense counsel’s advice at the guilty plea stage was incompetent.
 
 Calhoun,
 
 96-786 at 10-12, 694 So.2d at 914-15.
 

 Unlike
 
 Calhoun,
 
 the record in the present case shows defendant’s trial counsel was prepared for trial. Defendant’s trial counsel stated he was prepared to go to trial, had reviewed all the witnesses’ statements, including the victim’s statement and the medical documentation, had hired an investigator, had attempted to locate witnesses, had reviewed the discovery with defendant, and had discussed defendant’s defense with him, including the problems with defendant’s credibility in light of his past convictions for armed robbery and another rape.
 

 Additionally, unlike
 
 Calhoun,
 
 the record in the present case does not show defendant steadfastly maintained his innocence throughout the proceedings. The first time defendant asserted his innocence was at the evidentiary hearing regarding the voluntariness of his plea and only did so in response to a leading question by his own counsel.
 

 We find the record in the present case demonstrates defendant’s guilty plea was knowing and voluntary despite the fact he was not advised of the sex offender registration requirements. Defendant received a very favorable plea bargain. His charge of aggravated rape was reduced to forcible rape. As such, his sentence was reduced from a possible life sentence to 25 years. Additionally, the State agreed not to file a multiple offender bill against him. During the plea colloquy, defendant was advised of the nature of the charge to which he was pleading and his right to a trial by jury, his right to confront witnesses against him, and his right against self-incrimination. Defendant stated he understood his rights and that he wished to waive them. He was advised of the sentencing range for forcible rape and was told he would receive a 25-year sentence on the waiver of rights form. | flDefendant further stated he was satisfied with his attorney. Although defense counsel moved for a continuance on the morning of trial, it was not on the basis he was unprepared for trial and the record shows defense counsel effectively represented defendant.
 

 Accordingly, we find that the failure of defendant to be advised of the sex offender registration requirements in the present case did not render defendant’s guilty plea involuntary and, thus, the trial court did not err in refusing to allow defendant to withdraw his guilty plea on that basis.
 

 ERROR PATENT
 

 An error patent review of the original record in this case was conducted at the time of defendant’s first appeal. Minor errors were found and addressed in this Court’s opinion.
 
 State v. Smith,
 
 08-127 at 8, 993 So.2d at 663. Defendant is not entitled to a second errors patent review.
 
 See State v. Goodwin,
 
 06-439, p. 5 (La.App. 5 Cir. 12/27/06), 948 So.2d 1125, 1128.
 

 AFFIRMED.
 

 [1]
 

 . It is noted that "the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.”
 
 State v. Estes,
 
 42,093, p. 11 (La.App. 2 Cir. 5/9/07), 956 So.2d 779, 787,
 
 writ denied,
 
 07-1442 (La.4/4/08), 978 So.2d 324. Due process requires a factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis.
 
 Id.) See also State v. Johnson,
 
 08-449, pp. 4-5 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19,
 
 writ denied,
 
 09-787 (La.12/18/09), 23 So.3d 932. In the present case, defendant notes that a factual basis for his plea was not given but does not complain that this omission rendered his plea invalid.
 

 [2]
 

 . Neither the present appeal record nor the appeal record from defendant’s first appeal indicates defendant filed a motion to withdraw his guilty plea. Rather, defendant filed an application for post-conviction (APCR) relief prior to his first appeal claiming he did not knowingly enter his guilty plea, which was denied by the trial court. Defendant filed a supervisory writ from the trial court's denial of his APCR. This Court found defendant's APCR was premature and granted defendant's writ for the limited purpose of remanding the matter to allow defendant the opportunity to seek an out-of-time appeal. We note that a defendant’s failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).